UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **STACEY CARTER** | * | **CIVIL ACTION NO.   12-1233** |
| **VERSUS** | * | **JUDGE MAURICE HICKS** |
| **STEVE PRATOR, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are cross Motions for Summary Judgment filed by Plaintiff Stacey Carter [doc. # 29] and Defendants Steve Prator, Robert B. Wyche, C. Williams, Z. Thomas, and Sergeant A. Gaines (collectively "Defendants"). [doc. # 40]. Both motions are opposed. [docs. # 34, 43]. For reasons set forth below, it is recommended that Defendants' motion [doc. # 40] be **GRANTED**, that Plaintiff's motion [doc. # 29] be **DENIED**, and that Plaintiff's claims against **all** Defendants be **DISMISSED, with prejudice**.

Relevant Background Facts

*Pro se* Plaintiff Stacey Carter was an inmate who, during the relevant period, was housed at the Caddo Correctional Center ("CCC"), Shreveport, Louisiana, but has since been released. *See* [doc. # 44]. On May 15, 2012, Plaintiff filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Steve Prator, CCC, Robert B. Wyche, C. Williams, Z. Thomas, Sheriffs Office of Caddo Parish, City of Shreveport, and Parish of Caddo. [doc. # 1]. On June 26, 2012, the undersigned entered a Memorandum Order requiring Plaintiff to amend his original complaint and dismiss certain of the named Defendants. [doc. # 8]. In response, Plaintiff filed an Amended Complaint dismissing defendants CCC, Sheriffs Office of Caddo

Parish, City of Shreveport, and Caddo Parish, and adding defendant Sergeant A. Gaines. [docs. # 11, 14].

Plaintiff claimed that on March 2, 2012, while being housed in CCC Fox Trot unit as a pretrial detainee, he was assaulted by Roderick McDowell, his cell-mate at the time. [doc. # 14, P. 3]. Plaintiff alleges that CCC officials, with actual or implied knowledge of the threat to his safety, failed to promptly effectuate his approved cell transfer request and therefore acted with deliberate indifference in violation of his Eighth and Fourteenth Amendment rights. *Id.* Specifically, on March 1, 2012, Plaintiff submitted a Separation Request to Corporal A. Rogers requesting that he be separated from inmate McDowell because the two detainees were not "getting along." [doc. # 1, P. 5]. Thereafter, on March 2, 2012, Defendant Williams advised Plaintiff and inmate Michael Harrison that they would be cell-mates. *Id.* However, inmate Harrison refused to change cells. *Id.* Accordingly, Defendant Williams advised Plaintiff that there was no more that could be done, and Plaintiff returned to his cell. *Id.* at 6. At 1:30 p.m. on the same day, Plaintiff again requested that he be removed from the cell because he was being threatened by inmate McDowell. *Id.* The officers ignored Plaintiff's request and turned the emergency call button off in his cell. *Id.* Sometime after 3:30 p.m., Plaintiff began to pound on the cell door because inmate McDowell was "cursing and trying to temp [Plaintiff] to fight him"; however, his pleas were again ignored. *Id.* At 4:15 p.m., following a shift change, Plaintiff advised Corporal Bartlett and Deputy Ford of his predicament, and the deputies responded that they were unaware of the situation. *Id.* Shortly thereafter, in the common area of Fox Trot unit, inmate McDowell "came up from behind [Plaintiff], striking [him] in [his] face causing [him] to fall onto the floor, where he continued to physically assault [Plaintiff], until the emergance [*sic*] response team arrived." *Id.*

Plaintiff filed an Administrative Remedy Proceeding ("ARP") on or about March 13, 2012, regarding the above-detailed incident. [doc. # 1-2, P. 1]. On a "First Step Response Form" dated March 15, 2012, Defendant Gaines responded to Plaintiff:

> . . . After I spoke with you I interviewed the other inmate you stated was involved, (Michael Harrison). First, it's unfortunate you were involved in a fight. However, Harrison's statement is the same as Dep. Williams's statement. They both said, prior to your being moved, you were involved in a fight with another inmate. By checking with classifications and attempting to assign you to another cell, Dep. Williams did nothing wrong.

*Id.* Thereafter, on March 19, 2012, Plaintiff elevated his ARP proceeding to Step 2. On March 27, 2012, Defendant Wyche responded: ". . . The deputies involved in this matter should have separated you from inmate McDowell once Classification approved your move. Captain Farrie has talked with you about the matter and the deputies will be disciplined for their lack of action . . ." *Id.* Plaintiff elevated his ARP to the final stage – Stage 3 – on or about April 9, 2012. On the same day, "Sgt. David L. Robin" responded: ". . . The deputies should have separated you and McDowell once they were notified by classification. The deputies will be disciplined for their failures to perform duties in timely manner . . ." *Id.* at 3.

As a result of the assault, Plaintiff alleges that he suffered "humiliation; embarrassment; mental anguish; pain and suffering; laseration [*sic*] inside left jaw; contusion to the right side of temple; contusion to the left side jaw bone; mild concussion." [doc. # 14, P. 2]. In Plaintiff's amended complaint, he alleges that Defendant Sheriff Steve Prator "owed to plaintiff the constitutionally vested obligation not to detain him in a manner which made it likely for plaintiff to be assaulted by failing to train the deputied [*sic*] that he employed, failed to separate Plaintiff and assailant after deputies were ordered to do so." *Id.* Moreover, Defendant Sergeant A. Gaines allegedly failed to check for problems with his housing unit "the day of Plaintiff's approved separation from his assailant." *Id.* Finally, Defendants C. Williams and Z. Thomas allegedly

3

"displayed deliberate indifference and reckless disregard for the safety of plaintiff by failing to act reasonable in response to danger ordered by the administration to separate plaintiff and assailant." *Id.* at 3. Plaintiff seeks $10,000 from Defendants Prator and Wyche in their "individual capacity," and $10,000 from Defendants Williams and Thomas in their "official and individual capacity." *Id.*

On September 28, 2012, this Court completed its initial screening pursuant to 28 U.S.C.§§ 1915 and 1915A, and ordered service on Defendants, via U.S. Marshal. [doc. # 12]. On December 4, 2012, the named Defendants answered the complaint, as amended. [doc. # 22]. On March 13, 2013, Plaintiff filed the instant Motion for Summary Judgment, which was opposed by Defendants on April 1, 2013. *See* [docs. # 29, 34]. Thereafter, on April 22, 2013, Defendants filed a cross-Motion for Summary Judgment, which was opposed by Plaintiff on May 2, 2013. [docs. # 40, 43]. The matter is now before the court.

**I.     Summary Judgment**

    **a)     Standard of Review**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must

---

[1] I.e., beyond doubt.

affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

    **b)    Analysis**

Plaintiff argues in his summary judgment motion that Defendant Wyche's response to his ARP request establishes that Defendants were "deliberately indifferent to plaintiff['s] safety." [doc. # 29, P. 4]. In their cross-motion, Defendants contend that (1) the evidence establishes that Defendants Prator, Wyche, Gaines, and Thomas were not present at nor personally involved in the March 2, 2012 incident, which occurred only four hours after his cell transfer request had been approved and did not occur in his cell; (2) Plaintiff has made conclusory and unsubstantiated allegations as to Defendant Williams and "one isolated incident does not support a finding of deliberate indifference on the part of this defendant"; and (3) Plaintiff has not established that he suffered an injury that was more than de minimis. *See* [doc. # 40-1]. In support of their Motion for Summary Judgment, Defendants put forth: (1) the Classification chapter of Caddo Parish Sheriff's Office Detention Bureau Policies and Procedures; (2) affidavits of all the named Defendants; (3) affidavits of Deputy Edric Ford and CCC Medical Director Sheila Wright; (4) Plaintiff's medical records relevant to the March 2, 2012 incident; and, (5) Counseling forms for Defendants Williams and Thomas. *See* [doc. # 40-3].

    **i.    Defendant's Motion for Summary Judgment**

There are three elements to establish liability through a Section 1983 action. There must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted). Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Baker v. McCollan*, 443

6

U.S. 137, 146 (1979). The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. XIII. A pretrial detainee can only succeed on a damages claim under § 1983 for failure to protect by demonstrating that prison officials have shown deliberate indifference to the harm. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The Supreme Court has explained precisely what "deliberate indifference" means: "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 848 (1994). Stated in another way, deliberate indifference occurs when the prison official (1) is aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) actually draws an inference that such potential for harm exists. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Whether the official has the required subjective knowledge that a substantial risk exists "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . ." *Hare v. City of Corinth*, 74 F.3d 633, 654 (5th Cir. 1996).

    In this case, the undisputed facts show that the plaintiff and his cellmate had not been involved in any physical altercations prior to the one at issue in this lawsuit, that defendants did consider and approve his request for a cell transfer, and that the altercation occurred only four hours after the transfer had been approved, and did not occur in his cell. The corrections officers who were responsible for effecting the transfer were negligent in not carrying out the transfer more promptly, but there is no evidence to suggest, even if they should have been aware of a substantial risk to the Plaintiff's health or safety, that they actually were aware of such a risk. The affidavits of the remaining defendants, which have not been refuted by the Plaintiff, show

7

that Prator, Wyche, and Gaines were not personally involved in the altercation, that the instructions deputies are to follow regarding transfer requests are adequate, and that there is no evidence to support a claim that inadequate training or supervision are an ongoing problem at the facility. The affidavits of Williams and Thomas show that they were unaware of any substantial risk to the Plaintiff's safety, and that Williams had in fact been told by the Plaintiff and his cell mate earlier that day that they had no problems and did not need the transfer. Plaintiff's conclusory statements, which do not contradict the affidavits of the defendants, but instead rely solely on the fact that defendants Williams and Thomas were counseled after this incident, are insufficient to controvert the facts attested to by the defendants. Under the undisputed facts, Williams and Thomas were at most negligent, and not deliberately indifferent, and there are no facts which support even a claim of negligence against the other defendants.

In addition, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis physical injury. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. Tex. 1997) (citing *Hudson v. McMillian*, 503 U.S. 1, 10 (1992)). The Fifth Circuit has emphasized that the requisite physical injury must be more than de minimis, but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Moreover, because the physical injury requirement is not specifically defined, "well established Eighth Amendment standards" must guide a court's analysis as to whether a prisoner has sustained physical injury sufficient to support a claim. *Siglar*, 112 F.3d at 193. Therefore, the question for this Court is whether Plaintiff's injury, which, according to his medical records consisted of a scratch on his left inner jaw, amounts to a "physical injury" that can serve as the basis for his deliberate indifference claim.

Plaintiff fails to establish that he suffered a constitutionally cognizable injury as a result

of the conduct of Defendants. This Court recently held that "'little' bruises on [a plaintiff's] leg, arm and jaw and maybe a scratch on his back and/or sides" constitute "de minimis injuries insufficient to establish a constitutional violation." *Bates v. McKenna*, doc. 11-1395, 2012 U.S. Dist. LEXIS 113931, at *17 (W.D. La. Aug. 13, 2012) (Hicks, J.).[2] Plaintiff's medical records reflect that he suffered from a "[l]eft inner jaw scratch . . . from fillings on teeth" as a result of the March 2012 incident. [doc. # 40-3, P. 14]. Moreover, Plaintiff complained of pain in his left jaw, right great toe, hip pain, and pain to the right side of his skull. *Id.* As a result, Plaintiff was "instructed to rinse . . . with salt water rinse" for five days. *Id.* Additionally, the physician ordered x-rays of his left law, right big toe, right hip, right skull, all of which came back negative *Id.* at 14-15.

Plaintiff, in his amended complaint, alleged that he suffered a "[l]aseration [*sic*] inside left jaw; contusion to the right side of temple; contusion to the left side jaw bone; mild concussion." [doc. # 14, P. 2]. However, the Fifth Circuit has held that where the objective factors of an inmate's medical records show no evidence of injuries consistent with the inmate's allegations, the court may conclude that the allegations are implausible. *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Moreover, a plaintiff's general and conclusory allegations of an alleged injury, which was not discernible to medical professionals, "are not sufficient to show

---

[2] *See also Siglar*, 112 F.3d at 193-94 (holding that a sore bruised ear lasting for three days did not constitute a physical injury warranting constitutional protection); *Luong v. Hatt*, 979 F.Supp 481 (N.D. Tex. 1997)(Cuts, bruises, abrasions, etc., lasting only two or three days do not rise to the level of a constitutional injury.); *Smith v. Givens*, No. 09-0448-CG-M, 2010 U.S. Dist. LEXIS 43179, at *7-8 (S.D. Ala. Apr. 8, 2010)(Superficial abrasion, small scratch, hematoma and superficial laceration, which required no treatment and had no lasting effects, were de minimis injuries that failed to support a constitutional claim.); *McCullough v. Quarterman*, No. H-06-3974, 2008 U.S. Dist. LEXIS 95300, at *9 (S.D. Tex. Nov. 24, 2008) (Atlas, J.) (Inmate's slightly swollen face and four scratches, which were documented by a medical examination and for which no treatment was needed, were de minimis injuries insufficient to establish a constitutional violation);

that he suffered anything more than a de minimis injury." *Id.* at 82. Therefore, because Plaintiff's allegations are unsubstantiated, and in fact controverted by the objective medical records, there is no genuine issue as to his injuries. Accordingly, all Defendants are entitled to summary judgment on the basis that Plaintiff suffered only a de minimis injury.[3]

### ii. Plaintiff's Motion for Summary Judgment

Plaintiff does not provide any support for his motion in the form of evidence or legal argument. Instead, Plaintiff relies on conclusory arguments and unsubstantiated claims. Furthermore, as Defendants note, Plaintiff fails to allege that there is no genuine issue as to any material fact on which summary judgment could be granted.

Accordingly, this Court recommends that Plaintiff's Motion for Summary Judgment [doc. # 29] be **DENIED**.

For the above-assigned reasons,

**IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. # 40] filed by Defendants, Steve Prator, Robert B. Wyche, C. Williams, Z. Thomas, and Sergeant A. Gaines be **GRANTED**, and that Plaintiff's claims against **all** Defendants be **DISMISSED, with prejudice**.

---

[3] The undersigned notes that Plaintiff's claims for "humiliation; embarrassment; mental anguish; pain and suffering" are foreclosed by 42 U.S.C. § 1997e(e) because "no federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Fifth Circuit has interpreted § 1997e(e) as requiring "physical injury" that is "more than de minimis," which, as stated *supra*, Plaintiff has failed to establish. *See Siglar*, 112 F.3d at 193.

However, the Fifth Circuit has recognized that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir.2007) (per curiam). In *Smith v. Wade*, the Supreme Court held that punitive damages are available when the official's "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." 461 U.S. 30, 56 (1983). Punitive damages are never awarded as a right, and here Plaintiff has failed to show that Defendants in this case acted maliciously, wantonly, or oppressively, or with reckless or callous disregard for his rights. Defendants' motion for summary judgment should be granted as to Plaintiff's claim for punitive damages as well.

**IT IS FURTHER RECOMMENDED** that the Motion for Summary Judgment [doc. # 29] filed by Plaintiff Stacey Carter be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 2nd day of July, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE